# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH SEMANY,

      Plaintiff,

-vs-                                    Case No. 04-74389
                                          HON:  John Feikens

HEWLETT-PACKARD COMPANY,      Magistrate Judge Steven D. Pepe
a foreign profit corporation,

      Defendant.
_____/

| EISENBERG & BOGAS, P.C. | BUTZEL LONG, P.C. |
|---|---|
| Kathleen L. Bogas  (P25164) | Richard T. Hewlett (P41271) |
| Attorneys for Plaintiff | Regan K. Dahle (P53975) |
| 33 Bloomfield Hills Parkway, Suite 145 | Attorneys for Defendant |
| Bloomfield Hills, MI  48304 | 350 S. Main Street, Suite 300 |
| (248) 258-6080 | Ann Arbor, MI  48104 |
| | (734) 995-3110 |

_____/

### PLAINTIFF'S MOTION TO COMPEL ANSWERS
### TO REQUESTS FOR PRODUCTION OF DOCUMENTS

      Plaintiff JOSEPH SEMANY, by and through his attorneys, EISENBERG & BOGAS, P.C., moves this Honorable Court pursuant to Fed. R. Civ. P. 37(a) to enter an order compelling Defendant HEWLETT-PACKARD COMPANY to produce documents requested by Plaintiff, and in support states:

      1.      Plaintiff filed his action on or about October 6, 2004 alleging claims for gender discrimination and age discrimination in violation of Michigan's Elliott Larsen Civil Rights Act, MCL 37.2101, et seq., violation of Michigan's Sales Representatives Commissions Act,  M.C.L. 600.2961, et seq., violation of Michigan's Bullard Plawecki Right to Know Act, M.C.L. 423.501 et seq., and wrongful discharge in violation of Michigan's public policy.

2. Defendant removed Plaintiff's claims to this Court on November 10, 2004.

3. On September 26, 2006, Plaintiff served his Plaintiff's Second Set Of Requests For Production Of Documents To Defendant on Defendant via United States mail. All requests were submitted under Fed. R. Civ. Pro. 34.

4. Defendant Hewlett Packard served its Responses to Plaintiff's First Set of Document Requests on Plaintiff on October 26, 2006.

5. Defendant's Responses were incomplete. Defendant failed to respond to Request 27 and only partially responded to Request 28 and made evasive or incomplete disclosures. Fed. R. Civ. P. 37(a)(2)(B), (a)(3).

6. A stipulated protective order has been entered in this matter.

7. Although Defendant has asserted that certain information is "private" and/or "personal", Defendant has not asserted a privilege regarding any documents. Instead, Defendant purports to produce what it deems "discoverable" information in contravention of the Federal Rules of Civil Procedure and case law.

8. Plaintiff's discovery requests clearly fall within the scope of discovery outlined by the Federal Rules of Civil Procedure as relevant, not privileged, and as necessary for proper trial preparation, including information that Defendant has not provided.

9. If Defendant is not compelled to respond fully and completely to Plaintiff's discovery requests, Plaintiff will suffer undue hardship and prejudice and will be unable to prepare for trial and/or Defendant's expected motion for summary judgment.

10. Plaintiff's attorneys certify that they have, in good faith, conferred with Defendant's counsel of record in an effort to secure the information and material requested without court action.

**WHEREFORE**, Plaintiff Joseph Semany asks this Honorable Court to grant his Motion and compel Defendant Hewlett Packard to respond in full to his First Second of Document Requests within seven days, pursuant to Fed. R. Civ. P. 37.

        Respectfully submitted,

        EISENBERG & BOGAS, P.C.


By:   /s/Kathleen L. Bogas_____
       KATHLEEN L. BOGAS (P25164)
       Attorneys for Plaintiff
       33 Bloomfield Hills Parkway
       Suite 145
       Bloomfield Hills, MI 48304
       (248) 258-6080
       (248) 258-6212 (facsimile)
       eb@ebpclaw.com

DATED: December 14, 2006

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SEMANY,

    Plaintiff,

-vs-                                      Case No. 04-74389
                                            HON:  John Feikens

HEWLETT-PACKARD COMPANY,    Magistrate Judge Steven D. Pepe
a foreign profit corporation,

    Defendant.
_____/

| EISENBERG & BOGAS, P.C. | BUTZEL LONG, P.C. |
|---|---|
| Kathleen L. Bogas  (P25164) | Richard T. Hewlett (P41271) |
| Attorneys for Plaintiff | Regan K. Dahle (P53975) |
| 33 Bloomfield Hills Parkway, Suite 145 | Attorneys for Defendant |
| Bloomfield Hills, MI  48304 | 350 S. Main Street, Suite 300 |
| (248) 258-6080 | Ann Arbor, MI  48104 |
|  | (734) 995-3110 |

_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO COMPEL ANSWERS
TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ iii

**I.   STATEMENT OF FACTS** ................................................................................... 1

**II.  ARGUMENT** ......................................................................................................... 2

    A.   PLAINTIFF'S REQUESTS ARE WITHIN THE SCOPE OF RULE 26 ............................ 2
        1.   Plaintiff's Request For Documents #27 ........................................................... 3

        2.   Plaintiff's Request For Documents #28 ........................................................... 4

    B.   PLAINTIFF'S REQUESTS ARE NOT UNDULY BURDENSOME ................................ 5

    C.   DEFENDANT HAS NOT ASSERTED A PRIVILEGE AND A PROTECTIVE ORDER
        HAS BEEN ENTERED ........................................................................................ 6

**III. CONCLUSION** ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Federal Cases**

Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir., 1986) ..... 5

Ford v. General Motors Corp., 305 F.3d 545 (6th Cir., 2002) ..... 5

Lewis v. ACB Business Services, Inc. 135 F.3d 389 (6th Cir.,1998) ..... 3

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ..... 5

Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir., 1970) ..... 3

Perry v. McGinniss, 209 F.3d 597 (6th Cir., 2000) ..... 5

Zambetti v. Cuyahoga Community College, 314 F.3d 249 (6th Cir., 2002) ..... 6

**State Statutes**

M.C.L. 423.501 ..... 1

M.C.L. 600.2961 ..... 1

M.C.L. § 600.2961 ..... 6

M.C.L. 37.2101 ..... 1

**Federal Rules**

Fed. R. Civ. Pro. 26 ..... 3, 4

Fed. R. Civ. Pro. 26(b)(5) ..... 6

Fed. R. Civ. Pro. 34 ..... 2

## I.   STATEMENT OF FACTS

Plaintiff Joseph Semany filed his action on or about October 6, 2004, alleging claims for gender discrimination and age discrimination in violation of Michigan's Elliott Larsen Civil Rights Act, M.C.L. 37.2101, et seq., violation of Michigan's Sales Representatives Commissions Act, M.C.L. 600.2961, et seq., violation of Michigan's Bullard Plawecki Right to Know Act, M.C.L. 423.501 et seq., and wrongful discharge in violation of Michigan's public policy.  Defendant removed Plaintiff's claims to this Court on November 10, 2004.  (Exhibit 1)

Joseph Semany began his employment with Defendant by working for Defendant's predecessor, Digital Equipment Corporation ("Digital").  After Digital merged with Compaq Computer Corporation ("Compaq") Mr. Semany was promoted to the position of Global Account Manager – Delphi Account ("CBM").  In 2002, after Compaq merged with Defendant Hewlett Packard, Mr. Semany remained a CBM for the Delphi Account and assumed additional responsibilities.  (Exhibit 1)

In February 2003, Mr. Semany informed his supervisor Darlene Sullivan that employee John Starnes had booked an unauthorized order for $13.5 million in equipment and services for Delphi (the "Vega II transaction").[1]  As a result, the Vega II transaction was eventually reversed at a substantial cost to Hewlett Packard and Mr. Semany had to reorder and reinstall equipment for Delphi.  In May of 2003, two months after Mr. Semany reported the Vega II transaction, Ms. Sullivan, significantly downgraded Mr. Semany's performance without justification.  The retaliation continued, including a demotion, a pay cut, and multiple performance warnings. (Exhibit 1)

On August 11, 2003 Mr. Semany was told that he would no longer be supervising Caroline Thomson, his subordinate.  Mr. Semany's CBM position and job duties were then

---

[1] This is also referred to as the "Starnes order" in Plaintiff's complaint.

assigned to Ms. Thomson. Mr. Semany was 53 years old, while Ms. Thomson was 37 years of age and had significantly less experience and seniority than Mr. Semany at the time of her promotion to CBM. Additionally, Ms. Thomson had been on a performance improvement plan due to concerns expressed by Delphi and other members of the Hewlett Packard Delphi Team. Defendant terminated Mr. Semany on November 5, 2003 and failed to pay Mr. Semany commissions that he earned during the second half of 2003, including on the Vega II transaction. (Exhibit 1)

On September 26, 2006, Plaintiff served his Plaintiff's Second Set Of Requests For Production Of Documents To Defendant on Defendant via United States mail. (Exhibit 2) All requests were submitted under Fed. R. Civ. Pro. 34. Defendant Hewlett Packard served its Responses to Plaintiff's First Set of Document Requests on Plaintiff on October 26, 2006. (Exhibit 3) Defendant's Responses were incomplete. Defendant failed to respond to Request 27 and only partially responded to Request 28 and made evasive or incomplete disclosures. Fed. R. Civ. P. 37(a)(2)(B), (a)(3). Plaintiff now brings his Motion to Compel.

## II.   ARGUMENT

Where one party fails to answer the discovery requests of an opposing party, court rules provide that upon motion the court may issue an order compelling discovery. Fed. R. Civ. P. 37(a). For purposes of a motion to compel, "an evasive or incomplete . . . answer or response is to be treated as a failure to . . . answer or respond." Fed. R. Civ. P. 37(a)(3). This Court should therefore compel Defendant to answer Plaintiff's discovery requests forthwith.

### A.   PLAINTIFF'S REQUESTS ARE WITHIN THE SCOPE OF RULE 26

Defendant objected to Plaintiff's requests 27 and 28 asserting that the requested documents are "not discoverable and would not lead to any admissible evidence." (Exhibit 3) Defendant

2

further asserted that it produced "discoverable documents" in response to Request 28. Defendant failed to provide any support for its contention that any requested documents are not discoverable under the Federal Rules and relevant case law.

Fed. R. of Civ. Pro. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant, to the claim or defense of any party." The scope of discovery permitted by Rule 26 "is traditionally quite broad." *Lewis v. ACB Business Services, Inc.* 135 F.3d 389, 402 (6th Cir.,1998). And "is broader than that permitted at trial." *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 501 (6th Cir., 1970). The documents requested by Plaintiff fall well within this rule.

1. Plaintiff's Request For Documents #27

In Request 27, Plaintiff sought "all commission and/or bonus statements and back up detail for payments, credits, and/or charge backs regarding the Vega II transaction which occurred in September, 2003 for the following individuals:

a. John Starnes;

b. David Swain;

c. Sam Mancuso; and

d. any other employees who were i) associated with the transaction described herein and ii) were eligible for commission and/or bonus."

(Exhibit 2) Defendant produced no documents in response. (Exhibit 3)

The requested documents fall within the scope of Fed. R. Civ. Pro. 26: they are relevant to Plaintiff's claims that Defendant violated Michigan's Sales Representatives Commissions Act. Mr. Semany is due commissions on the Vega II transaction. In order to reconcile the commissions due to Mr. Semany, Plaintiff requires the records of what transpired on the Vega II transaction, both before and after Mr. Semany reported Mr. Starnes's wrongdoing. Upon information and

3

belief, Mr. Semany's Delphi account was subjected to a large number of unjustified charge backs and credits because of the Vega II transaction, while Mr. Starnes was not. As a result, Mr. Semany was not paid his full commission. The requested documents provide information about Mr. Semany's commissions and what monies are owed to him. As such, the documents are relevant to Defendant's liability under the Michigan's Sales Representatives Commissions Act and to Mr. Semany's damages in this matter.

In addition, the requested documents are relevant to Mr. Semany's claim that he was wrongfully discharged in violation of Michigan's public policy for reporting Mr. Starnes's fraud. Unlike Mr. Semany, Mr. Starnes was never subjected to charge backs and credits because of his fraudulent order. The requested documents show a pattern of wrongful conduct, and reporting of such conduct by Mr. Semany, that ultimately resulted in his wrongful discharge.

2. Plaintiff's Request For Documents #28

In Request 28, Plaintiff sought "a complete copy of Carolyn Thomson's personnel file/records." (Exhibit 2) Defendant produced only a partial answer, asserting that it provided "discoverable documents from Ms. Thomson's personnel file." (Exhibit 3)

The requested documents fall within the scope of Fed. R. Civ. Pro. 26. Ms. Thomson's personnel file is relevant to Plaintiff's claims that he was retaliated against and terminated on the basis of his age and gender. Mr. Semany, who was 53 at the relevant time, was demoted and ultimately discharged. He was replaced by Caroline Thomson, who was 37 years old. Not only did Ms. Thomson have significantly less experience than Mr. Semany, she was on a performance improvement plan at the time. Central to Plaintiff's claims of age and sex discrimination is information concerning his replacement, Ms. Thomson. Such information would include her qualifications, work experience, prior complaints and investigations of sex discrimination, and Ms.

4

Thomson's job performance both before and after she replaced Mr. Semany.  Such information is relevant to Plaintiff's contention that he was retaliated against and terminated on the basis of his sex and/or age, Defendant's proffered non-discriminatory reason for his discharge, and Plaintiff's contention that said proffered reason is pretext for sex discrimination.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Ford v. General Motors Corp.*, 305 F.3d 545, 552-553 (6th Cir., 2002).  It is this information about Ms. Thomson that Defendant has failed to provide in full.  Defendant has provided only a partial copy of Ms. Thomson's personnel file.  For example, Ms. Thomson replaced Mr. Semany in 2003.  Yet, the personnel file provided by Defendant provides no documents after 2000.  There is <u>no</u> information about Ms. Thomson's qualifications or performance after she replaced Mr. Semany.

      B.     <u>PLAINTIFF'S REQUESTS ARE NOT UNDULY BURDENSOME</u>

Defendant further asserted that Plaintiff's requests for documents were "overly burdensome".  (Exhibit 3)  Yet, Defendant provides no support for that contention.  There is a presumption in favor of discovery which Defendant must rebut through a showing of "good cause by demonstrating particular need for protection."  *Lewis v. St. Luke's Hosp. Ass'n*, 1997 WL 778410, *4 (unpublished decision, 6th Cir.,1997) *quoting Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir., 1986).  As set forth above, the requested documents are relevant to Plaintiff's claims.  Moreover, the requested documents are essential to Plaintiff's claims.

In order to show that he was discriminated against, Mr. Semany must make out a *prima facie* case of discrimination.  That is, he may be required show that he was treated differently than a similarly situated female or younger employee or that he was replaced by a person outside his protected class.  *Perry v. McGinniss*, 209 F.3d 597, 601 (6th Cir., 2000).  In addition, Mr. Semany may be required to demonstrate that any nondiscriminatory reason proffered by

5

Defendant is pretextual.  *Zambetti v. Cuyahoga Community College*, 314 F.3d 249, 258 (6th Cir., 2002).  Information contained in Ms. Thomson's personnel file, including her qualifications, promotions, and job performance, is essential to show that Mr. Semany was replaced by Ms. Thomson and that Defendant's proffered reasons for doing so were pretextual.

Further, to make out a claim for violation of the Sales Commissions Representatives Act, Mr. Semany must show that Defendant failed to pay commissions due to him.  M.C.L. § 600.2961.  The information requested in Plaintiff's Request #27 is essential to show what monies are owed to Mr. Semany under the Michigan's Sales Representatives Commissions Act. Given the importance of the requested information, Plaintiff submits that his requests are not overly burdensome.

      C.      DEFENDANT HAS NOT ASSERTED A PRIVILEGE AND A PROTECTIVE ORDER HAS BEEN ENTERED

Defendant vaguely asserts that some of the requested documents may contain "confidential, proprietary business information and/or materials" or "private personal and/or financial information."  Defendant has not asserted that any documents are privileged and, in any event, as not provided a privilege log as required by Fed. R. Civ. Pro. 26(b)(5).  Nor has Defendant described what withheld documents are assertedly confidential, proprietary, or private. Moreover, any interests in confidential, proprietary, or personal matters are adequately protected by the stipulated protective order entered in this case.  (Exhibit 4)  That order allows for designation of documents as "Confidential" "because it is private information which is not disclosed by the party to the outside world."  Confidential documents specifically include personnel files and Defendant's financial, commercial, benefit and marketing information. (Exhibit 3, ¶¶ 3-5)  Given the broad scope of the stipulated order, there is no justification for Defendant to withhold documents.

### III.     CONCLUSION

Defendant's objections to Plaintiff's requests seek to insulate from discovery factual and documentary information which is the very basis of Plaintiff's lawsuit. The information sought by Plaintiff in these interrogatories is relevant because it requests information about Plaintiff's younger, female replacement, Caroline Thomson, and her qualifications and job performance; the factual basis and documentary evidence regarding commissions owed to Plaintiff; and Plaintiff's reports of fraudulent conduct by Mr. Starnes and Defendant's response. In this civil rights action, information about Mr. Semany's replacement is clearly relevant to his claims of discrimination. Information about the Vega II transaction, including commissions, payments, and charge backs, is clearly relevant to Plaintiff's claim that he is owed commissions and was wrongfully discharged. All of the information sought by Plaintiff is relevant to his causes of action, may lead to discovery of other relevant information, and is clearly discoverable under the discovery rules.

**WHEREFORE**, Plaintiff Joseph Semany asks this Honorable Court to grant his Motion and compel Defendant Hewlett Packard to respond in full to his First Second of Document Requests within seven days, pursuant to Fed. R. Civ. P. 37.

        Respectfully submitted,

        EISENBERG & BOGAS, P.C.

By:     /s/ KATHLEEN L. BOGAS___
        KATHLEEN L. BOGAS (P25164)
        Attorneys for Plaintiff
        33 Bloomfield Hills Parkway
        Suite 145
        Bloomfield Hills, MI 48304
        (248) 258-6080
        (248) 258-6212 (facsimile)
        eb@ebpclaw.com

DATED:  December 14, 2006

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SEMANY,

    Plaintiff,

-vs-                                    Case No. 04-CV-74389-JF-SDP
                                           HON:  John Feikens
HEWLETT-PACKARD COMPANY,    Magistrate Judge Steven D. Pepe
a foreign profit corporation,

    Defendant.
_____/

| EISENBERG & BOGAS, P.C. | BUTZEL LONG, P.C. |
| --- | --- |
| Kathleen L. Bogas  (P25164) | Richard T. Hewlett (P41271) |
| Stacey M. Washington (P40788) | Regan K. Dahle (P53975) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 33 Bloomfield Hills Parkway, Suite 145 | 350 S. Main Street, Suite 300 |
| Bloomfield Hills, MI  48304 | Ann Arbor, MI  48104 |
| (248) 258-6080 | (734) 995-3110 |

_____/

## **CERTIFICATE OF SERVICE**

STATE OF MICHIGAN    )
                              ) SS
COUNTY OF OAKLAND   )

      KATHLEEN L. BOGAS, hereby certify that on December 14, 2006 I electronically filed the foregoing paper with the Clerk of the Court using the ECF System.

                                        /s/ KATHLEEN L. BOGAS _____
                                        KATHLEEN L. BOGAS (P25164)
                                        Eisenberg & Bogas, P.C.
                                        Attorney for Plaintiff
                                        Suite 145
                                        33 Bloomfield Hills Parkway
                                        Bloomfield Hills, MI  48304
                                        Phone: (248) 258-6080
                                        E-mail: eb@ebpclaw.com